**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Gabriel Valenzuela, | No. CV 11-0268-PHX-RCB (JFM) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| D. Hurley, et al., | |
| Defendants. | |

Plaintiff Johnny Gabriel Valenzuela brought this civil rights action pro se under 42 U.S.C. § 1983 against Mesa Police Officers D. Hurley and S. Cervantes for alleged excessive force (Doc. 1). Plaintiff is now represented by counsel (Doc. 8). Before the Court is Defendants' Motion for Summary Judgment (Doc. 15). Despite service of the motion on Plaintiff's counsel, Plaintiff's counsel has not responded to the motion. However, Plaintiff's counsel has filed discovery requests.

The Court will order Plaintiff to show cause why Defendants' motion should not be treated as unopposed.

**I.      Background**

Plaintiff's claim arose on January 2, 2011, when Defendants stopped the car in which he was riding and ordered him out of the car (Doc. 1). Plaintiff alleged that when he stepped out of the car, Defendants tazored him in the thigh; immediately forced him face down onto the ground; and punched, kicked, and kneed him in the back and head nearly rendering him

unconscious (id.).

On September 15, 2011, Defendants filed a Motion for Summary Judgment seeking judgment on the ground that Plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (Doc. 15). The motion is supported by affidavits from each Defendant, who attest that they observed Plaintiff with a substance consistent with methamphetamine, that he did not comply with commands to exit the car, that he was combative and punched officers, and that they used only the amount of force necessary to remove him from the car and secure him in handcuffs (Doc. 16, Ex. 1, Cervantes Aff. ¶¶ 5-7; Ex. 2, Hurley Aff. ¶¶ 4-8). Defendants also submit copies of state court documents showing that Plaintiff pled guilty to possession of dangerous drugs and aggravated assault (id., Exs. 5-6). Based on this evidence, Defendants argue that Plaintiff's excessive-force claim is barred because it stems from the same facts that led to his guilty plea and success in this action would necessarily imply the invalidity of his aggravated assault conviction (Doc. 15 at 5-7).

As stated, Plaintiff did not file a response to the motion.

## II. Order to Show Cause

Under the Federal and Local Rules of Civil Procedure, service may be made by electronic means using the court's transmission facilities, in this case, the Court's Case Management/Electronic Case Filing (CM/ECF) system. Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3); LRCiv. 5.5 (incorporating the District of Arizona's Electronic Case Filing Administrative Policies and Procedure Manual, § 2(D)(2) & (3), which provides that service is accomplished through the Notice of Electronic Filings (NEFs) generated upon filings made through CM/ECF).

The certificate of service accompanying Defendants' Motion for Summary Judgment indicates that service was made electronically pursuant to Rule 5(b)(2)(E) and 5(b)(3), i.e., the motion was transmitted using CM/ECF (Doc. 15 at 7). On the Court's docket, the electronic receipt for the summary judgment motion reflects that it was electronically mailed to Plaintiff's counsel at bob@dosseylaw.com and alyssa@dosseylaw.com on September 15,

1  2011 (Doc. 15).  Thus, the record shows that Plaintiff received a copy of the motion but
2  failed to file a response.
3       Since the filing of Defendants' motion, however, Plaintiff filed a Joint Discovery Plan
4  and, on January 4, 2011, submitted a Notice of Service of Plaintiff's Request for Production
5  of Documents (Docs. 17, 31).  These filings demonstrate Plaintiff's intent to litigate this
6  action.  Under these circumstances, the Court hesitates in granting the dispositive motion
7  base on the failure to oppose it.
8       Plaintiff will be ordered to (1) explain why an opposition brief was not filed and
9  (2) show cause why Defendants' Motion for Summary Judgment should not be treated as
10 unopposed.  Plaintiff must respond to this Order to Show Cause within 10 days.
11 **IT IS ORDERED that** within **10 days** from the date of this Order, Plaintiff must
12 explain why an opposition brief was not filed and show cause why Defendants' motion
13 should not be treated as unopposed.
14      DATED this 7th day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -